THE BEINHAKER LAW FIRM, LLC
414 Westfield Avenue
Westfield, New Jersey 07090
(908) 272-2232
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. CHRISTOPHER JOHNSON, M.D., F.A.C.S., as designated and authorized representative of P.S., as assignee of P.S.,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF OKLAHOMA and MCJUNKIN REDMAN CORPORATION,<br><br>*Defendants.* | Docket No.:<br><br><br><br>**COMPLAINT** |

Plaintiffs, Dr. Christopher Johnson, M.D., F.A.C.S. with a place of business at 776 Shrewsbury Avenue, Suite 201, Tinton Falls, New Jersey 07724 and Patient P.S., a resident of the State of New Jersey, by way of Complaint against the Defendants, allege the following:

### THE PARTIES

1. Plaintiff Dr. Christopher Johnson, M.D., F.A.C.S. (hereinafter "Johnson") is a board certified orthopedic surgeon licensed to practice medicine in the State of New Jersey.

2. Dr. Johnson is associated with Professional Orthopedic Associates with offices in Tinton Falls, Toms River and Freehold, New Jersey.

3. Plaintiff P.S. (hereinafter referred to as "Patient P.S.") is and at all times hereinafter was a resident of the State of New Jersey.

4. Defendant McJunkin Redman Corporation (hereinafter referred to as "McJunkin") is a corporation duly organized and existing under the laws of the State of Delaware with a business address located at 2 Houston 909 Fannin, Suite 3100, Houston, Texas 77010.

5. Patient P.S. is a member of or insured by a health insurance policy issued by Defendant BlueCross BlueShield of Oklahoma (BCBS Oklahoma) for Patient P.S.'s employer, McJunkin, which was locally administered through Horizon Blue Cross Blue Shield of New Jersey d/b/a BlueCard of New Jersey (hereinafter "BlueCard").

## JURISDICTION AND VENUE

6. Plaintiffs' claims arise under 29 U.S.C. §§ 1001, *et seq.*, Employee Retirement Income Security Act ("ERISA"), UNDER 28 U.S.C. §§ 1331 (federal question jurisdiction).

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2) and 28 U.S.C. § 1400, because the Defendants maintain offices in and/or conduct a substantial amount of business in the District of New Jersey, and a substantial part of the events or omissions giving rise to this claims against the Defendants has occurred in the District of New Jersey.

## NATURE OF THE ACTION

8. The Plaintiffs assert claims under ERISA. Plaintiff Dr. Christopher M. Johnson is a provider of medical services.

9. Plaintiffs bring this action pursuant to a healthcare plan directly insured and/or administered by BCBS Oklahoma.

10. The plan at issue permit subscribers to obtain healthcare services from providers and facilities such as those run by Dr. Johnson which have not entered into contracts with BCBS Oklahoma (commonly referred to as "out-of-network providers" or "non-participating providers").

11. BCBS Oklahoma is required under the terms of its healthcare contract to pay benefits promptly for such out-of-network services based on the usual, customary and reasonable rates for those services in the geographic area where the medical provider is located.

12. Upon information and belief, BCBS Oklahoma has breached its ERISA-governed plan language by using, either intentionally or recklessly, flawed or inadequate data and other information in order to determine the usual, customary and reasonable rates for medical services,

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

which then results in reimbursements well below the usual, customary and reasonable rates for out-of-network medical services.

13. As such, Defendants' actions are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, arbitrary and capricious, and in violation of ERISA. In addition, BCBS Oklahoma has failed to pay these claims to Plaintiffs promptly.

14. In general, a participant's healthcare plan is governed by the applicable provisions of ERISA. The participant's healthcare plan is interpreted by the plan administrator which, upon information and belief, is Patient P.S.'s employer, McJunkin, and not by a third-party administrator such as BCBS Oklahoma.

15. The employee member pays a cost of the insurance and provides the employee member with certain benefits, which include the right to go to a doctor or medical facility to treat an illness or condition and to obtain reimbursement.

16. With regard to all out-of-network medical services, Plaintiff Dr. Johnson requires all patients to sign documents whereby the patient agrees to be personally responsible for all medical charges. As part of these documents, Dr. Johnson obtains an Authorization of Designated Representative and Assignment of Benefits with Rights (hereinafter referred to as the "Authorization and Assignment") making Dr. Johnson a beneficiary of the ERISA healthcare plan. Dr. Johnson does not waive any deductible or co-payment by the acceptance for the assignment. With this beneficiary status conferred upon Dr. Johnson comes the standing to sue the Defendants under Section 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

17. BCBS Oklahoma insures many group health plans. When BCBS Oklahoma insures such group health plans, it functions as a "third-party plan administrator" and/or "third-party service provider" as that term is defined under ERISA, and thus assumes all obligations imposed by ERISA on such plan administrators.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

18. Under ERISA, the terms "plan administrator" and "fiduciary" are defined as follows,

   a. the term "administrator" means —
   (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
   (ii) if an administrator is not so designated, the plan sponsor; or
   (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

   b. a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

19. BCBS Oklahoma also functions as a fiduciary for self-funded health plans and is obligated to comply with ERISA's fiduciary duties. BCBS Oklahoma exercises discretionary authority and control in its interactions with self-funded healthcare plans and their subscribers. Thus, BCBS Oklahoma is a fiduciary and administrator as defined by ERISA.

20. BCBS Oklahoma's fiduciary functions include, *inter alia*, preparation and submission of explanations of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Dr. Johnson concerning benefits to Patient P.S. under the plan, and coverage, handling, management, review, decision making and disposition of appeals and grievances under the plan.

21. ERISA requires that the interpretation and implementation of the healthcare plan shall be solely in the best interests of the participants and beneficiaries for the exclusive purpose of providing benefits for participants and their beneficiaries.

22. Furthermore, the participant in the healthcare plan (in this case Patient P.S.) is promised at least two benefits under the plan's terms: (a) that the participant has the freedom to

choose their healthcare provider and (b) that the participant can expect reasonable reimbursements for healthcare costs.

23. By making determinations that are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, arbitrary and capricious, Defendants violated its fiduciary obligations under ERISA.

## FACTS COMMON TO ALL COUNTS

24. Dr. Johnson sought payment from BCBS Oklahoma in the amount of $58,050.00 for a complex and specialized shoulder surgery (hereinafter referred to as "Services") performed to Patient P.S. on August 12, 2011 and under Patient P.S.'s I.D. # RJK836972514.

25. Dr. Johnson is a "out-of-network provider" and/or "non-participating provider" of Services in that he did not have a contract with the Defendants to accept agreed upon rates for services provided to Patient P.S. as set forth above.

26. Thus, the Services provided to Patient P.S. were "out of network" Services under the policy and/or plan providing coverage to the Patient P.S.

27. Prior to rendering the Services to Patient P.S., Dr. Johnson and/or his employees, agents and/or servants confirmed with BCBS Oklahoma that Patient P.S. had out-of-network benefits for the Services that were to be provided by Dr. Johnson.

28. All of the Services provided to Patient P.S. by Dr. Johnson and others working with Dr. Johnson were medically necessary and appropriate for Patient P.S. according to recognized and accepted medical standards in the community in which Dr. Johnson practices.

29. All of the Services provided by Dr. Johnson were performed at Shrewsbury Surgical Center in Shrewsbury, New Jersey where Dr. Johnson enjoys surgical privileges.

30. Prior to rendering the Services, Dr. Johnson received from Patient P.S. an Authorization of Designated Representative and an Authorization and Assignment including the right to bring appeals and an action by and an on behalf of Patient P.S.'s behalf.

31. The Authorization and Assignment also provides that Dr. Johnson may receive all the benefits of Patient P.S.'s policy and expressly authorized Dr. Johnson as to represent the Patient P.S. in appeals to the Defendants.

32. Dr. Johnson submitted a claim to BCBS Oklahoma for Services rendered on August 12, 2011 in the amount of $58,050.00. The claim was designated by BCBS Oklahoma as claim #1258555916Q0H.

33. On September 16, 2011, BCBS Oklahoma made a single payment to Patient P.S. for claim # 1258555916Q0H in the amount of $1,366.60 to Patient P.S. which Patient P.S. turned over to Dr. Johnson in accordance with Authorization and Assignment.

34. BCBS Oklahoma's payment to Patient P.S. was $56,683.40 less than the amount of Dr. Johnson's claim and represented less than three percent (3.000%) of the amount of the claim.

35. On or about October 12, 2011, Dr. Johnson filed a First Level Appeal electronically with BCBS Oklahoma as Patient P.S.'s designated authorized representative pursuant to the Authorization and Assignment explaining the billing procedures and detailing that what was paid ($1,366.60) was far below the usual and customary rates charged by an orthopedic surgeon in this geographic area.

36. On January 12, 2012, BCBS Oklahoma made a second payment to Patient P.S. for claim # 1258555916Q0H in the amount of $2,104.38 to Patient P.S. which Patient P.S. turned over to Dr. Johnson in accordance with Authorization and Assignment.

37. BCBS Oklahoma's total payment to Patient P.S. ($3,470.98) was $54,579.02 less than the amount of Dr. Johnson's claim and represented less than six percent (6.000%) of the amount of the claim.

38. On March 12, 2012, Dr. Johnson filed a Second Level Appeal with BCBS Oklahoma again as Patient P.S.'s designated authorized representative pursuant to the Authorization and Assignment and explained the billing procedures and detailed the usual and customary rates charged

by an orthopedic surgeon in this geographic area for the Services provided to Patient P.S. by Dr. Johnson.

39. Furthermore, Dr. Johnson also requested that BCBS Oklahoma "submit the applicable policy language which justifie[d] the reduction as well as the data used to establish the reimbursement rate."

40. Dr. Johnson received a response from BCBS Oklahoma to the March 12, 2012 appeal.

41. Dr. Johnson and Patient P.S. have exhausted all of their administrative remedies because the Defendants have violated ERISA regulations.

42. Plaintiffs have satisfied the prerequisite to the commencement of this action.

43. Plaintiffs have demanded payment on the claim asserted by them for Services rendered to Patient P.S. by Dr. Johnson under Patient F.L.'s policy with BCBS Oklahoma.

44. BCBS Oklahoma has failed and refused to make payment of the remaining $54,579.02 which remains unpaid and was denied without valid basis.

### COUNT I
**(Violation of ERISA section 502(a))**

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

46. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*

47. The plan under which Patient P.S. is entitled to coverage is an ERISA plan, it is administered and operated by Defendant BCBS Oklahoma.

48. In the alternative, the Defendants are the administrators and fiduciaries of the plan, actual and/or *de facto*, under ERISA.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

49. Defendant BCBS Oklahoma is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, it exercises discretionary authority and/or discretionary control respecting management of the plan under which Patient P.S. is entitled to benefits, which benefits Patient P.S. assigned to Dr. Johnson.

50. Defendants' fiduciary functions include, *inter alia*, preparation and submission of explanations of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Dr. Johnson concerning benefits to Patient P.S. under the plan, and coverage, handling, management, review, decision making and disposition of appeals and grievances under the plan.

51. Dr. Johnson received a valid assignment of benefits from the Patient P.S. which had "out-of-network benefits" for surgery under the plan or insurance agreement with or administered by Defendant BCBS Oklahoma, which the Patient P.S. assigned to Dr. Johnson which included, *inter alia*, the right to receive payment directly from Defendant BCBS Oklahoma for the Services that the Patient P.S. received from Dr. Johnson and the right to represent Patient P.S. in any appeal of the denied claim.

52. The Authorization and Assignment signed by Patient P.S. for the date of service provides that Dr. Johnson is to receive the benefits due Patient P.S.

53. As a beneficiary under Section 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B), Dr. Johnson is entitled to recover benefits due to him (and/or benefits due to the Patient P.S.), and to enforce rights (and/or the rights of the Patient P.S.) under ERISA law and/or the terms of the applicable plans/policies.

54. The Patient P.S. is a defined beneficiary under Section 502(a) of ERISA and 29 U.S.C. § 1132 (a) (1). As described more fully in the Facts Common to All counts herein, Defendant BCBS Oklahoma made determinations regarding the payment and withholding of payments of benefits to the Plaintiffs that violate the terms of the applicable ERISA plan.

8

55. Plaintiffs have sought payment of benefits under the applicable plan in the amount of $58,050.00 and Defendant BCBS Oklahoma has paid Patient P.S. $3,470.98.

56. The denial of Plaintiffs' claim is unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

57. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs of action pursuant to 29 U.S.C. § 1132(g), *et seq.* and other provisions of ERISA as applicable.

58. The denial of Plaintiffs' claims for the remaining $54,579.02 for Services provided by Dr. Johnson has not been adequately explained either to the Patient P.S. or to Dr. Johnson.

59. The amount paid to date is not the usual, customary and reasonable rates for those services in the geographic area where Dr. Johnson is located.

60. The compensation paid to Plaintiffs by Defendants for Dr. Johnson's Services is far below the usual and customary fees in New Jersey for the services provided.

61. BCBS Oklahoma's actions in the way they handled the appeals was in violation of ERISA regulations and BCBS Oklahoma never provided the required and requested documents.

62. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged.

## COUNT II
### (Failure to Provide Full and Fair Review Under ERISA)

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

64. Although Defendants were obligated to do so, they failed to provide a "full and fair review" and otherwise failed to make necessary disclosures in accordance with 29 U.S.C. § 1133.

65. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged an amount not less than $54,579.02 and which will be set forth with more specificity at the time of trial.

9

## COUNT III
### (Failure to Provide Documents Under ERISA)

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if set forth more fully at length herein.

67. Section 502(c)(1)(B) of ERISA (29 USC § 1132 (c)(1)(B)) authorizes this Court to award a participant up to $110.00 per day for each day that the administrator has not delivered certain requested documents to the participant within thirty (30) days of the request for such documents and to provide other relief that it deems proper.

68. In order to obtain a full and fair review of his claim and in order to participate in the claim process, Dr. Johnson, on behalf of Patient P.S. and acting as Patient P.S.'s Designated and Authorized Representative pursuant to the Authorization and Assignment signed by Patient P.S., requested that he be provided with the complete contents of the claim file and all relevant documents.

69. The request for documents was made in great detail, in writing, on March 12, 2012 and requested that BCBS Oklahoma provide certain documents to which Plaintiffs are entitled.

70. Plaintiffs' request for documents cited to the applicable ERISA regulations in their request for documents stating that a document or record or other information will be deemed relevant to Patient P.S.'s claim if it was relied upon in making the benefit determination, and even if not relied upon in the determination, it was either submitted, considered or generated in the course of making the determination or demonstrates compliance with the administrative process or safeguards ensuring consistent application of plan provisions or constitutes a statement of policy or guidance with respect to the plan concerning the denied benefits.

71. Defendants failed to provide the requested documents within thirty (30) days of the request by Plaintiffs (April 11, 2012), and have not yet provided the requested documents.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

72. BCBS Oklahoma was the claims administrator for the McJunkin health insurance plan and controlled the entire claims and appeals process for Patient P.S.

73. Administrators have an obligation to provide information including a duty to respond to written requests for information about the employee benefits and the documents relevant to a claim for benefits and participants and beneficiaries have a cause of action if they do not provide the information.

74. ERISA § 502(c), (29 U.S.C. § 1132(c)), provides for penalties for an administrator's refusal to supply required information. Under that section of ERISA:

> (1) Any administrator.... [who fails to provide certain information] . . .
>
> (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested todays after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

75. The penalty is due to be paid by any administrator who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary."

76. Thus, because BCBS Oklahoma controlled the administration of the McJunkin health insurance plan and because BCBS Oklahoma withheld documents, BCBS Oklahoma is subject to 1132(c) penalties.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

a. As to Count I, Judgment be entered in favor of Plaintiffs and against the Defendants in the amount of $53,394.93 due and owing as benefits under the Patient P.S.'s applicable plan, plus interest, to compensate Plaintiffs for the erroneous denial of benefits under the plan; and,

b. As to Count II, Judgment be entered that BCBS Oklahoma's appeals process violated the ERISA regulations; and,

c. As to Count III, Judgment be entered in favor of Plaintiffs and against Defendant BCBS Oklahoma in an amount equal to $110.00 per day beginning on April 11, 2012, to compensate Plaintiffs for Defendant's failure refusal to comply with Plaintiffs' request for information; and,

d. Awarding Plaintiffs interest, attorneys' fees, costs of suit; and,

e. Granting such other, further and different relief as to this Court may seem just, equitable and proper under the circumstances.

THE BEINHAKER LAW FIRM, LLC
*Attorneys for Plaintiffs*

By: _____
Gavin I. Handwerker
414 Westfield Avenue
Westfield, NJ 07090
(908) 272-2232
(908) 233-4546 (Facsimile)
gih@beinlaw.com

Dated: April 22, 2013

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546